**Roderick DEMMINGS, Plaintiff-Appellant,**

v.

**PACIFIC MARITIME ASSOCIATION; et al., Defendants-Appellees.**

**No. 16-35053**

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted July 11, 2017 *

Filed July 18, 2017

Roderick Demmings, Pro Se

Clemens H. Barnes, Miller Nash Graham & Dunn, LLP, Seattle, WA, for Defendant-Appellee Pacific Maritime Association

Carson Flora, Attorney, Seattle, WA, for Defendant-Appellee ILWU Local 19

Carson Flora, Attorney, Seattle, WA, Christine Sue Hwang, Esquire, Attorney, Leonard Carder, LLP, Oakland, CA, Lindsay Rose Nicholas, Attorney, Leonard Carder, LLP, San Francisco, CA, Kathleen Cahill Slaught, Counsel, Seyfarth Shaw LLP, San Francisco, CA, for Defendant-Appellee ILWU Benefit Plans Office

Before: CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

## MEMORANDUM **

Roderick Demmings appeals pro se from the district court's judgment in his employment action alleging federal and state law claims arising from his requests for reinstatement in 2013. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the denial of leave to amend. *Ramirez v. Galaza*, 334 F.3d 850, 859 n.6 (9th Cir. 2003). We affirm.

The district court did not abuse its discretion by dismissing Demmings's action without granting Demmings leave to file a Fourth Amended Complaint because further amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (explaining that dismissal without leave to amend is proper when amendment would be futile); *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad." (citation and internal quotation marks omitted)).

Because Demmings failed to make any arguments challenging the bases for the district court's orders dismissing his claims, Demmings has waived any challenge to the dismissal of his claims. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").

We do not consider facts and allegations that Demmings raises for the first time on appeal. *See Ramirez*, 334 F.3d at 859 n.6 (9th Cir. 2003) ("[A] party may not raise new issues of fact on appeal after declining to present those facts before the trial court.").

We reject as without merit Demmings's contentions that the district court should have granted his request for an extension where the record reflects that the district court granted five extensions throughout the action.

All pending motions and requests are denied.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Demmings's request for oral argument, set forth in his opening brief, is denied.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.